IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82332-TLS |
| | ) | |
| JAMES M. CORDLE and | ) | CH. 13 |
| KIMBERLY K. CORDLE, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on February 9, 2009, on confirmation of Debtors' Amended Chapter 13 Plan (Fil. #20), an Objection filed by the Chapter 13 Trustee (Fil. #27), and a Response by Debtors (Fil. #31). Ryan D. Caldwell appeared for Debtors, and Thomas Kenny appeared on behalf of the Chapter 13 Trustee. Post-hearing briefs have now been submitted, and this matter is ready for decision.

The Chapter 13 Trustee has objected to the plan as not being proposed in good faith in violation of 11 U.S.C. § 1325(a)(3). Specifically, the plan proposes to pay approximately $31,000.00 to creditors secured by a motorboat and a travel trailer while paying little to unsecured creditors. The Chapter 13 Trustee believes that Debtors should surrender those items to the secured lenders while maintaining their plan payment at the current level in order to maximize the distribution to unsecured creditors. I agree.

The Chapter 13 Trustee based her argument on 11 U.S.C. § 1325(a)(3), which provides that in order to be confirmed, a plan must be proposed in "good faith." Various factors have been identified as relevant to the good faith analysis, but according to the Eighth Circuit Court of Appeals, "in the final analysis, good faith should be evaluated on a case-by-case basis in light of the structure and general purpose of Chapter 13." *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1353 (8th Cir. 1990) (citations omitted).

Allowing debtors to retain and pay for expensive recreational assets at the expense of unsecured creditors clearly violates the general purpose of Chapter 13. *See Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652, 658 (8th Cir. 2008) (referencing Congress's intent that increased payments will flow from above-median debtors to unsecured creditors). Accordingly, the proposed plan fails to meet the good faith test of 11 U.S.C. § 1325(a)(3).

In addition, this case can be decided pursuant to the projected disposable income test of § 1325(b)(1)(B). Specifically, upon objection by the Chapter 13 Trustee, that section requires that all of Debtors' projected disposable income to be received in the applicable commitment period be applied to make payments to unsecured creditors under the plan. Identifying what constitutes "projected disposable income" has been the subject of substantial litigation in this Court and elsewhere. In fact, the circuits are currently split on the issue. *Compare Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008) *with Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008). Notwithstanding prior opinions of this Court with respect to the issue, the Eighth Circuit's recent decision in *Coop v. Frederickson* is binding.

In *Frederickson*, the Eighth Circuit Court of Appeals held:

> Accordingly, we adopt the view shared by many bankruptcy courts that a debtor's "disposable income" calculation on Form 22C is a starting point for determining the debtor's "projected disposable income," but that the final calculation can take into consideration changes that have occurred in the debtor's financial circumstances as well as the debtor's actual income and expenses as reported on Schedules I and J.

*Id.* at 659 (citations omitted). The Eighth Circuit went on to add:

> This approach realistically determines how much a debtor can afford to pay his creditors and maximizes the amount the debtor must pay to his unsecured creditors. As aptly noted by the *Kibbe* court, "the object is not to select the right form, but to reach a reality-based determination of a debtor's capabilities to repay creditors." *Kibbe*, 361 B.R. at 315.

*Id.* at 660.

Thus, it is clear that the Eighth Circuit Court of Appeals has interpreted "projected disposable income" as a mandate to the bankruptcy court to make a "reality-based determination" of how much a debtor can afford to pay.

Applying the *Frederickson* analysis to the facts of this case reveals that Debtors can afford to pay substantially more than they propose to pay pursuant to their plan. Specifically, retention of a boat and travel trailer in which Debtors have little or no equity, and payment to the creditors secured thereby of more than $31,000.00 over the course of the plan, is not reasonably necessary for the maintenance or support of Debtors. Certainly, the means test of § 707(b)(2) appears to authorize the deduction of secured debt payments when determining amounts reasonably necessary to be expended, but the Eighth Circuit has determined that the means test calculation is merely a "starting point" for determining projected disposable income. Using the "reality-based determination" of Debtors' ability to pay, it is clear that the amounts paid for a boat and travel trailer used for recreational purposes are not reasonably necessary and, therefore, those amounts should be made available to unsecured creditors under the plan.

IT IS, THEREFORE, ORDERED that confirmation of Debtors' Amended Chapter 13 Plan (Fil. #20) is denied. Debtors shall file an amended plan by March 31, 2009.

DATED: March 19, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Ryan D. Caldwell
    Thomas Kenny/Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.